FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
E.D.N.Y.
*APRIL 22, 2026*
BROOKLYN OFFICE

TH/ALK:VAZ/KRA
F. #2026R00061

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOSHUA NASS,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

I N D I C T M E N T

Cr. No. 26-CR-108

(T. 18, U.S.C., §§ 924(d)(1),
981(a)(1)(C), 1951(a), 1952(a)(3)(A),
2261(b)(5), 2261A(1)(B), 2261A(2)(B),
2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

Judge Dora Lizette Irizarry
Magistrate Judge Peggy Kuo

## COUNT ONE
(Attempted Hobbs Act Extortion)

1.     In or about and between December 2025 and March 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSHUA NASS, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that NASS and others attempted to obtain property, to wit: money, from John Doe 1, John Doe 2 and Jane Doe, individuals whose identities are known to the Grand Jury, with their consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT TWO
(Use of Interstate Facilities to Commit Extortion)

2.     In or about and between January 2026 and March 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

JOSHUA NASS, together with others, did knowingly and intentionally use one or more facilities in interstate commerce, to wit: one or more cellular telephones, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of unlawful activity, to wit: Hobbs Act extortion, in violation of Title 18, United States Code, Section 1951(a), and extortion, in violation of New York Penal Law Sections 135.60, 155.30(6), 155.40(2), 155.05(2)(e) and 20.00, and thereafter did perform and attempt to perform the promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT THREE
### (Travel Act Violation)

3.      On or about January 7, 2026, within the Eastern District of New York and elsewhere, the defendant JOSHUA NASS, together with others, did knowingly and intentionally travel in interstate commerce, to wit: from the District of Columbia to New York State, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of unlawful activity, to wit: Hobbs Act extortion, in violation of Title 18, United States Code, Section 1951(a), and extortion, in violation of New York Penal Law Sections 135.60, 155.30(6), 155.40(2), 155.05(2)(e) and 20.00, and thereafter did perform and attempt to perform such promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT FOUR
### (Cyberstalking)

4.      In or about January 2026, within the Eastern District of New York and elsewhere, the defendant JOSHUA NASS, together with others, did knowingly and intentionally use one or more interactive computer services, electronic communication services, electronic communication systems of interstate commerce and other facilities of interstate commerce to engage in a course of conduct that attempted to cause and would be reasonably expected to cause substantial emotional distress to John Doe 1, John Doe 2 and Jane Doe, with the intent to harass and intimidate, and place under surveillance with intent to harass and intimidate John Doe 1, John Doe 2 and Jane Doe.

(Title 18, United States Code, Sections 2261(b)(5), 2261A(2)(B), 2 and 3551 et seq.)

## COUNT FIVE
### (Interstate Stalking)

5.      On or about January 28, 2026, within the Eastern District of New York and elsewhere, the defendant JOSHUA NASS, together with others, did knowingly and intentionally travel in interstate commerce, to wit: from South Carolina to New York State, with the intent to harass and intimidate, and place under surveillance with intent to harass and intimidate John Doe 1, John Doe 2 and Jane Doe, and in the course of, and as a result of, such travel, engage in conduct that attempted to cause and would be reasonably expected to cause substantial emotional distress to John Doe 1, John Doe 2 and Jane Doe.

(Title 18, United States Code, Sections 2261(b)(5), 2261A(1)(B), 2 and 3551 et seq.)

## COUNT SIX
### (Travel Act Violation)

6.      On or about January 28, 2026, within the Eastern District of New York and elsewhere, the defendant JOSHUA NASS, together with others, did knowingly and intentionally travel in interstate commerce, to wit: from South Carolina to New York State, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of unlawful activity, to wit: Hobbs Act extortion, in violation of Title 18, United States Code, Section 1951(a), and extortion, in violation of New York Penal Law Sections 135.60, 155.30(6), 155.40(2), 155.05(2)(e) and 20.00, and thereafter did perform and attempt to perform such promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE THROUGH THREE AND SIX

7.      The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Three and Six, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, including but not limited to approximately $3,000.00 in United States currency seized by law enforcement on or about January 29, 2026, in New York, New York.

8.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

s/

FOREPERSON

By: _Whitman G.S. Knapp, AUSA_
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK